Filed 12/13/22 P. v. Hoover CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C095507 |
| v. | (Super. Ct. No. 18FE012526) |
| KEVIN MICHAEL HOOVER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Kevin Michael Hoover asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Based on our review of the record, we will modify the judgment to strike a fee that is no longer valid. Finding no other arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

I

In May 2017, defendant became enraged when he found his future wife (the victim) watching television with his roommate in the roommate's bedroom. Defendant

1

pulled the victim out of the bedroom and punched her in the face, giving her a black eye. In September 2017, defendant argued with the victim over whether he could drive her car. Defendant got into the car, started it, and put it into reverse. The victim's leg got caught in the door and she was struck, causing bruises to her leg, arm, and face. In June 2018, defendant punched and dragged his dog before picking it up and slamming it into a fence, causing injuries to the dog.

Defendant pleaded no contest to felony animal cruelty (Pen. Code, § 597, subd. (a))[1] and inflicting corporal injury on a spouse (§ 273.5, subd. (a)). The parties agreed to an aggregate prison term of four years eight months, with execution suspended and defendant placed on probation for five years. The remaining counts were dismissed. The trial court sentenced defendant consistent with the agreement, but later reduced defendant's term of probation to four years. The trial court awarded two days of presentence credit and imposed various fines and fees, including a 10 percent restitution interest fee under former section 1214.5. The trial court subsequently ordered defendant to pay $8,465.06 in victim restitution.

Defendant did not obtain a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

The trial court imposed a 10 percent restitution interest fee pursuant to former section 1214.5. However, that fee is no longer valid following the enactment of

---

[1] Undesignated statutory references are to the Penal Code.

2

Assembly Bill No. 177 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 257, §§ 33, 35), which repealed section 1214.5, effective January 1, 2022. Assembly Bill No. 177 also added section 1465.9, which provides in relevant part: "On and after January 1, 2022 the balance of any court-imposed costs pursuant to [Section 1214.5], as [that] section[ ] read[s] on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (§ 1465.9, subd. (b).) We will modify the judgment to strike the invalid fee.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to strike the fee imposed pursuant to former section 1214.5. The judgment is affirmed as modified. The trial court is directed to prepare an amended minute order and/or order of probation as appropriate.


　　　　　　　　　　　/S/
　　　　　　　　　　MAURO, Acting P. J.



We concur:



　　/S/
KRAUSE, J.



　　/S/
BOULWARE EURIE, J.

3